Case No. 16-5174 Consumer Financial Protection Bureau Appellant v. Accrediting Council For Independent Colleges and Schools Mr. Demille Wagner for the appellant, Ms. Baker for the appellee Let's let the courtroom settle down first. All right, Mr. Demille Wagner. Good morning. May it please the court, Lawrence Demille Wagner for the Consumer Financial Protection Bureau. I'm reserving two minutes. The background of this case is quite simple. Nearly a year and a half ago, the Bureau served a civil investigative demand, that's the Bureau's investigative compulsory process, on ACICS, the Accrediting Council For Independent Colleges and Schools. ACICS refused to comply. The district court would not enforce. That's the background. The law is straightforward. In the Morton Salt case in 1950, the Supreme Court held that agencies such as the Bureau have the power of original inquiry. This means that they do not have to link their investigative compulsory process. I'm not being straightforward. The statute says a CID must state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such a violation. Yes, Your Honor. What did your CID state as the nature of the conduct constituting the alleged violation? It stated conduct in connection with the accrediting of for-profit colleges that may violate any of the laws enforced by the Bureau. Do you seriously contend that that's enough to comply with this statute? Absolutely, Your Honor. It's very similar. Congress went to all the trouble of saying you have to state the conduct that's under investigation. All you say is, well, the conduct has to do with accrediting. That's as specific as you are. Congress went to all the trouble of saying the provision of law applicable to such a violation. If you get past the first one, how can you possibly say you stated the provision of law applicable to such a violation when you didn't even cite it? We've stated the provision of law, Your Honor. What provision of law did you state? We cited the Consumer Financial Protection Act and the other laws enforced by the Bureau. What part of the Consumer Financial Protection Act were you referring to? The portions of the Consumer Financial Protection Act that apply are the provisions that prohibit unfair, deceptive, or abusive acts or practices. Unfair, deceptive, or abusive acts or practices in connection with what? In connection with the accrediting of for-profit colleges. Your statute says that? No, Your Honor. No, it doesn't. No, our statute prohibits— I'm asking you what provision of law you stated in your CID was violated by anything in connection with accrediting colleges. The provisions of the Consumer Financial Protection Act that prohibit unfair, deceptive, or abusive acts or practices. Your Honor, the— Does that phrase anywhere refer to accrediting colleges in the act? No, Your Honor. No, it doesn't. No, of course it doesn't, Your Honor. It's not— Can we get a straight face and say that you're compliant with the act? We are in compliance with the act, Your Honor, because our act allows us to enforce it against covered persons. Anyone who's involved in providing consumer financial products or services is a covered person. Does this, does this, accrediting counsel for independent colleges, do they provide credit? Your Honor, the— Go back and tell me again what the covered person is in the act. It's anyone who provides consumer financial products or services. Does the accrediting agency provide consumer financial products? No, Your Honor. No. It may or it may not. The answer would be no, right? No, it may or it may not, Your Honor. Even not covered persons, are they? No, Your Honor. Your Honor, what I'm saying no to is that our statute does not require us to serve our civil investigative demands only on those who may ultimately become the target of a law enforcement action by the Bureau. You relied on the covered persons section just a moment ago. Then you admitted the covered persons section doesn't include them. I'm looking to the portions of our act that allow us to serve CIDs on any person who may have information relevant to a violation of any of the laws enforced by the Bureau. And what violation did you set forth in your CID? We set forth—we don't have to itemize a specific violation of the act. That's what the Supreme Court held in the Morton Salt case. You do have to state the nature of the conduct constituting the alleged violation. Yes. To do that, don't you have to have something to tell people what the violation is? Conduct in connection with the accreditation of for-profit colleges and the— Does the statute give you the CID power to say anything about conduct in connection with accrediting colleges? No, Your Honor. It doesn't say anything about conduct in connection with the accrediting of for-profit colleges. It says something about unfair, deceptive, or abusive acts or practices. Read that whole sentence that has that phrase in it for me. I don't have the sentence here in front of me, Your Honor. I wouldn't either if I were you in making that argument. No, Your Honor. This—the sentence here is virtually identical to a similar sentence in the Federal Trade Commission Act. That's where—that's where this provision was adapted from. In the invention submission case, this court noted that investigational resolutions, the scope of the investigation can be very broadly set out. In that case, it just said unfair or deceptive acts or practices in connection with the promotion of inventions. Here, we're saying unfair, deceptive acts or practices in connection with the accreditation of for-profit colleges. If you had jurisdiction over the accreditation of for-profit colleges, that might be a good argument. But since we're talking about unfair, contempt of practice and credit, it's lower than your honor. Your Honor, we can—we can investigate anyone who has information regarding conduct that's lawful. Let's suppose— Did he say anything in the CID about them having to do with consumer fraud? Did he say anything about them having to do with consumer—that the— Financing fraud? No, Your Honor. We don't have to. No, Your Honor. We don't have to. What we have to do under our statute— The district court thought you had to, didn't it? The district court was mistaken, Your Honor. Or you're mistaken. The district court was mistaken. Or you're mistaken. The district court applied the wrong test. Right now, he's ahead. Beg your pardon, Your Honor? Right now, he's ahead. You and he are opposite, and right now, the district court's ahead. The district court applied the wrong test, Your Honor. This court has repeatedly said that an agency can define the scope of its investigation quite broadly. The purpose of our CIDs is to get information from any person, even people who, by statute, we cannot enforce our law against. Section 1027 of the Consumer Financial Protection Act lists a bunch of entities who are exempt from the Bureau's authority. Section 1027n provides that, nonetheless, the Bureau can issue its CIDs to those persons to obtain information from them relevant to violations. Here, Your Honor, we know the Bureau— You know, if you had said something in that CID about being relevant to a violation, you might be on pretty good ground with that argument. Your Honor, we— I don't see anything in there. I've got the language up in front of me. Your Honor, we referred to conduct. We referred to violations of the law. Conduct in connection with the accreditation of for-profit colleges, violations of any of the laws enforced by the Bureau. Your Honor— Why did Congress bother to say you had to put in the provision you were—provision applicable to the violation if it was good enough to say any statute they violated? Because, Your Honor, Congress was well aware that the language it was adding to the Consumer Financial Protection Act was virtually identical to the language in the Federal Trade Commission Act. And it knew that numerous cases by this Court and other courts permitted the agency to serve its civil investigative demands, to cast the nature of the investigations quite broadly, so that the agency could identify whether the law has violated—been violated or reassure itself that the law has not been violated. Your Honor, the president of ACICS, in his declaration, in the joint appendix in this case, page 83 of the joint appendix in his declaration, he stated that when ACICS conducts an evaluation of a for-profit college, it looks into every aspect of the business that the college engages in. And the Department of Education, when it issued its report removing—lifting the—withdrawing the ACICS's recognition, it reached a finding at page 9 of that report that ACICS, as part of one accreditation, had unmistakable evidence that a college was engaging—a for-profit college was engaging in fraud in connection with its consumer loan program, and yet, nonetheless, ACICS—ACICS renewed that school's accreditation. The Bureau has, on several occasions in recent years, sued for-profit colleges that—for-profit colleges with respect that made loans to their students and made misrepresentations to their students, including—both of those schools were accredited by ACICS, and they made misrepresentations regarding—regarding accreditation. So, Your Honor, the Bureau has the authority, under the statute, to obtain information from those who have it regarding potential violations of the law. The for-profit colleges—many for-profit colleges are lenders, and they're well within the Bureau's jurisdiction. Your time is up, but before you sit down, wouldn't it have been an easy enough matter—we're talking about fair notice to someone who receives one of these CIDs— wouldn't it have been an easy enough matter, when you're under an obligation to identify the provision of law applicable to such violation, that you could have added the definitions set out at great length in 5481 sub 14 and 15 dealing with federal consumer financial law and the definition of federal product—I'm sorry, financial products or services? That would have at least put them on notice of what you were looking at. Your Honor, what puts them on notice of what we're after is—what they need to know is what information they have to provide us, and that information they get from looking at the specifications of the CID. There are three specifications in the CID. They all deal with conduct, and those—the CID is—the specifications are at page— 5531 simply says prohibiting unfair, deceptive, or abusive acts or practices, which tells them nothing about what specifically you're looking for. And 5536 talks about prohibited acts in the most generic terms. I mean, why couldn't you just simply add the definition of financial product or service? That's what you're after. Because, Your Honor, this Court has repeatedly held that the agency can define its investigation quite broadly. And I would again— I never said you had to. But we have the authority to, Your Honor— You didn't define it at all here is your big problem. Yes, we did, Your Honor. Why didn't you address it? We defined it— Counsel. Excuse me. I didn't address you. I'm wearing a black robe. You're not wearing a black robe. You don't get to address me. Pardon me, Your Honor. Judge Henderson asked me why you didn't just add some more language to the CID instead of appealing this thing. And I've been wondering about that ever since I looked at this case. I don't know why we're here. Because, Your Honor, our statute allows us— If you're right— Yes. If you're right, so what? Why didn't you just go back and amend it in a way that might have been acceptable to the district court? Following the UCID instead of— Well, in fact, it wouldn't have helped the district court because the district court said in— I believe it's in footnote 4 of the district court's opinion. That's a joint appendix, page 13. The court said that even if we had recast the notification of the—our notification of purpose in the CID— It might not have been relevant. It might not have been relevant. It might not have found it relevant. Okay. All right. Your time's up. Ms. Baker. Good morning, Your Honors. My name is Allison Baker. I represent the Accrediting Council for Independent Colleges and Schools. And Morton Salt, in fact, the first prong of Morton Salt, as Your Honors know, enables a court to review a civil investigative demand to ensure that it conforms to the authority of the agency issuing it. And that's axiomatic. That's United States Supreme Court authority. Now, the CFPB has made a fair amount about the Federal Trade Commission, and to this end, in its brief and just now during oral argument, cites a great deal of those cases, and specifically cites FTC versus invention submission. And I note that there are numerous differences between the FTC precedent in this circuit and this particular issue, and more specifically, the Consumer Financial Protection Act. First of all, the Federal Trade Commission Section 5 is significantly broader in scope and in terms of the subject matter than the Consumer Financial Protection Act. Section 5, as Your Honors know, specifically states, addresses unfair or deceptive acts or practices in or affecting commerce. And that is mission critical here because the civil investigative demand that was previously issued to ACICS, the stated purpose of that civil investigative demand concerns in connection with the accrediting of for-profit colleges and in connection with the accrediting of for-profit colleges doesn't touch any consumer financial law that the CFPB enforces. The CFPB enforces, as Your Honors know, 18 enumerated consumer finance laws. But counsel, during, you know, from reading the transcript of the oral argument in the proceedings below, it's pretty clear what the CFPB is investigating here. It's investigating what counsel just mentioned in his presentation, which was students, consumers being misled by for-profit colleges and potentially this other client having information relevant to that. Are you saying that the CFPA doesn't touch that? Your Honor, I believe that if you look at the face of the CID Statement of Purpose and then also— Answer my question. Are you saying that the statute, that that's outside the jurisdiction of the statute? The Consumer Financial Protection Act touches the offering or provision of a consumer financial product or service. So to the extent one could argue that the hypothesis that you just posited is within that, then it would be within the scope of the statute. Then isn't the standard that we have at this point, whether it's patently outside the scope of the statute? It is patently outside the scope of the statute. That is the standard, Your Honor, under Ken Roberts, of course. Then isn't the last answer that you gave me in this case, as far as that prong of the standard goes? No, it does not, Your Honor, because in connection with the accrediting of for-profit colleges does not touch the hypothetical that Your Honor posited earlier. In connection with accrediting of for-profit colleges, there isn't one consumer financial protection law that is enforced by the CFPB. So your argument is that if we take the strict construction of what was on the civil investigative demand and we kind of ignore any other discussion of what they're saying that they're investigating, then that's what we should do. That's how we should comport ourselves. Your Honor, that's what the CFPB says you should do. The CFPB's argument, as Your Honor knows, is that the district court wrongly decided this matter because the district court, and we happen to disagree with the CFPB's assertion of this as well, but what the CFPB says is that the district court didn't just look at the notification of purpose, that the district court impermissibly looked past the notification of purpose. And we would agree that under Ken Roberts, under Morton Saul, the very first stamp prong is does this CID conform to the authority of the Consumer Financial Protection Bureau? In other words, are there laws that the CFPB enforces that touch any conduct that could arise within the scope of that notification? That's the first prong. The answer is no. And what the district court in this matter did is first he said at first blush that this is outside the authority of the agency and neither party disagrees that there's no law here. Both parties agreed with that. The CFPB during oral argument in district court pointed to not even one law that could touch accreditation. Moreover, if you go and you look at the specs of the civil investigative demand, which I have in front of me, that- But that's all of this, I guess, maybe I'm not making myself clear. All of that assumes that we take a very narrow view of what they mean when they say in connection with accreditation. Well, even if you take a relatively broader view of in connection with accreditation, there isn't any legal support for the argument that in connection with expands the CFPB's jurisdiction past information that could be relevant to a violation of a consumer financial law. So for- But I mean they've told you what the violation is. Well- That they're investigating potentially. And accreditation is relevant to that. In connection with the accrediting of for-profit colleges is what they're investigating. They're not investigating for-profit schools. If they were investigating for-profit schools, their notification of purpose in the civil investigative demand would have been stated differently. So the section 1052 of the Consumer Financial Protection Act has very few requirements for the issuance of a CID. But one of those requirements is that you have to state what the purpose of the investigation is. The purpose of this investigation is not to look at for-profit colleges. It's to look at conduct arising in connection with the accrediting of for-profit colleges. That's very different, actually. And the accrediting of for-profit colleges, there's nothing there that touches any of those laws. So the problem here is semantics in the purpose. Well- In the statement of purpose. I would respectfully disagree that they're semantics. They're statutorily required. And the purpose of that provision notification of purpose is to give a party notice of why it's receiving a civil investigative demand. And this may give notice, but it doesn't give notice of conduct that touches anything the CFPB has the authority to enforce. That's the issue. We just discussed FTC versus invention submission. And like other cases in this circuit that talk about the Federal Trade Commission, and that is the precedent on which the CFPB relies here, there are two market differences. The first, of course, being the jurisdiction of the Federal Trade Commission, which I just described before. And the other difference is that every single one of the cases on which the CFPB relies has a civil investigative demand that is markedly, markedly much more precise and specific than the one in this matter. And I just want to focus, Your Honors, for example, on FTC versus invention submission court. The purpose of that CID there, and that concerned, that was promulgated pursuant to Section 5 of the Federal Trade Commission Act. But the purpose there was to determine whether invention submission corporation may be engaged in unfair acts or practices, unfair deceptive acts or practices, including, but not limited to, false or misleading representations made in connection with the advertising offering for sale and sale of its services relating to the promotion of inventions or ideas, and to determine whether commission action to obtain redress of injury to consumers or others would be in the public interest. That's markedly more explicit than this. So if, in this case, the CID said that the purpose, in its purpose statement, that this was in connection with an investigation of whether false statements regarding accreditation, proper accreditation of for-profit colleges, if it had said that, then it would have been fine. Well, Your Honor, I respectfully disagree. First of all, it doesn't say that, so this is, of course, a hypothetical. But the critical point missing from your hypothetical is it still does not connect to the offering or provision of a consumer financial product or service. Even in FTC cases, in Church and Dwight, we said that we would not allow the agency to interpret the scope so broadly as to enable the agency to investigate a matter beyond its scope. The law is important, right? That's correct, Your Honor. Even though the FTC is much broader, their authority is much broader than what we have here. That's correct. And Dwight and Church, as Your Honors know, is one of the cases on which they rely in this matter. And they would take, that would be a limiting principle for in connection with. Their use of the word in connection with tracks that language that Your Honors provided in Dwight and Church. In other words, you can't interpret in connection with to go outside the scope of what the Consumer Financial Protection Act actually touches. But I guess this all goes back to the point of, is it your contention that the Consumer Financial Protection Act doesn't touch the provision of loans by for-profit colleges and the conduct with respect there to? Well, Your Honor, that's not what the statement of purpose of the civil investigative demand says here. Answer my question. I know it's not. I don't actually know enough about the role that for-profit colleges play in extending loans to students. But I will say this. The Consumer Financial Protection Act clearly touches the offering or provision of credit. And to the extent that you're engaged in offering or providing consumer credit, subject to certain exceptions under 1027 of the Consumer Financial Protection Act, there is an argument to be made that that is conduct that could be touched by one of the 19 consumer financial laws. So I do agree with that. But that's not the situation with this civil investigative demand, Your Honor. All right. I do have one question. Is it in the record that part of your accreditation investigation includes the loans and student loans and so forth? So, Your Honor, what's in the record is the lower court, there were a couple of supplemental submissions that were made. In addition, there was oral argument, as Your Honor knows. And what was said during oral argument was very clear that ACICS does not engage in the offering or provision of consumer credit. It doesn't make a decision on whether a school has adequately or accurately made an underwriting decision correctly. It doesn't concern itself with whether a school is collecting debts correctly. It doesn't concern itself with the question of whether or not students who take out loans are having those loans and the status of collection of those loans properly reported to a credit reporting agency. So that would be the Fair Credit Reporting Act, the Truth in Lending Act, the Fair Debt Collection Practices Act. None of the conduct under those acts is anything in which ACICS engages. And, yes, Your Honor, that is in the record. It's in the record both during oral argument and also in some of the supplemental pages that were filed with the district court after oral argument but before Judge Leon issued his order. All right. Okay. Thank you very much, Your Honors. All right. If I don't have any more time left, all right, why don't you take one minute? Judge Henderson, just to answer your question a little bit, at footnote 3 of the district court's opinion, I believe that's joint appendix page 12, the court mentions ACICS's accrediting criteria. The accrediting criteria indicates that ACICS looks into the collection practices of the colleges that it accredits. Now, it is true that at oral argument ACICS said that even though it's accrediting criteria say that, ACICS said, in fact, they don't do it. And the district court reached that finding. He said, therefore, ACICS doesn't do that because ACICS said so. But that's the purpose of the Bureau's investigation, to find out if ACICS does, in fact, look into that sort of conduct. We cite in our brief on page 22 at footnote 9 of our principal brief, we cite to the GAO report which sent undercover testers to for-profit colleges, and they found for-profit colleges making misrepresentations regarding their accreditation, including one college, one for-profit college, that falsely said that it had been accredited by the same entity that accredited Harvard University. How can the Bureau check out and determine if those statements are misrepresentations without seeking to investigate conduct in connection with accreditation from the accreditor itself? Does the court have any further questions? Thank you. Thank you.
judges: Henderson, Wilkins, Sentelle